BLACK, Appellant, *v.* CITY OF BROOKLYN *et al.*, Respondents.

(*Supreme Court, General Term, Second Department.* July 2, 1889.)

On rehearing. For statement and former opinion, see 4 N. Y. Supp. 78.
Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*Arnold & Greene*, for appellant. *Almet F. Jenks*, for respondents.

DYKMAN, J. The appeal in this case was decided at the February term of this court at Brooklyn, and the judgment was affirmed after an examination which satisfied us of the absence of merit in the appeal. There was neither error nor oversight respecting the facts, and what was said respecting the escape of other property from taxation when hired out or used for religious purposes was said in illustration only, our view being that it was immaterial whether the owner received rent or permitted the use of the premises gratuitously. All private property is subject to taxation, entirely independent of the use to which it is appropriated, and so long as the ownership of the premises in question continues in the plaintiff as a private individual they fall within the general rule and not within any of the exceptions thereto. It is not uncommon in many portions of the country for private property to be used for public worship and for educational purposes without compensation, and that is all the plaintiff has done in this case to secure immunity from taxation, and we do not think his case falls within the spirit of the statute of exemptions, or within the intention of the law makers. The motion for a reargument should be denied, with $10 costs and disbursements. All concur.

---

ANDARIESE, Respondent, *v.* VILLAGE OF EDGEWATER, Appellant.

(*Supreme Court, General Term, Second Department.* July 2, 1889.)

Appeal from special term, Richmond county.
*Wm. M. Mullen*, for appellant. *Charles J. Babbitt*, for respondent.

BARNARD, P. J. The evidence in this case shows that the same question is presented as in the case of *Butler* v. *Village of Edgewater, ante,* 174. The premises are different, but the same thing has been done. The defendant has collected sewerage and cast it upon the surface of the street in front of her residence, making a dangerous nuisance, and one that is wholly unnecessary. The judgment should be affirmed for the same reasons as are given in the *Butler Case.*

---

KERR, Appellant, *v.* WEST SHORE R. Co., Respondent.

(*Supreme Court, General Term, Third Department.* July 6, 1889.)

Appeal from circuit court, Ulster county.
Action by Charles Kerr against the West Shore Railroad Company to compel the defendant to restore stream and highway crossings. For opinion of special term, see 2 N. Y. Supp. 686.
Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.
*William Lounsbery*, for appellant. *F. L. Westbrook*, for respondent.
No opinion. Judgment affirmed, with costs, on opinion of court below.

---

BAXTER, Appellant, *v.* WESLEY, Respondent.

(*Common Pleas of New York City and County, General Term.* June 8, 1889.)

Appeal from judgment on report of referee.
Action by Algernon S. Baxter against Edward B. Wesley.

*Redfield & Lydecker*, for appellant.   *D. & T. McMahon*, for respondent.

PER CURIAM.   We have carefully examined the testimony in this case, and think it fully supports the findings of the learned referee who tried the case, and we think the reasons given by him in his opinion conclusive on the merits of the action.   Judgment should be affirmed, with costs.